IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERION DEMONTA VERNADO,  No. 2:17-CV-2413-TLN-CMK-P

    Petitioner,

  vs.  FINDINGS AND RECOMMENDATIONS

KIMBERLY A. SEIBEL,

    Respondent.

_____/

       Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion for a stay-and-abeyance order (Doc. 3).

       In this case, the petition on file raises the following claims: (1) insufficient evidence – Claim I; (2) jury instruction error – Claim II; and (3) trial court evidentiary error – Claims III and IV. According to petitioner, these claims are all exhausted. Petitioner seeks a stay-and-abeyance order to allow him to exhaust a new claim of ineffective assistance of appellate counsel in failing to assert an argument relating to Proposition 57.

/ / /

/ / /

1

The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th Cir. 2005). When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661.

Because the current petition on file is fully exhausted and petitioner seeks leave to exhaust a claim not currently raised in the petition, Kelly governs the court's analysis. Under Kelly, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070). Whether to exercise this option is within the discretion of the district court. See Kelly, 315 F.3d at 1070. However, the Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would otherwise be forfeited." Id. Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. See id.

/ / /

/ / /

/ / /

In this case, petitioner has not demonstrated that there is a potential of the unexhausted claim being forfeited absent a stay-and-abeyance order. The instant federal petition appears to have been filed well within the one-year limitations period and whether any amended petition containing the new claim, once exhausted, would relate back to the filing date of the original petition is a matter not presently before the court. Moreover, petitioner does not outline any barriers which have prevented him from pursuing the unexhausted claim in state court up until now or whether he has in fact begun that process, and he does not require a stay-and-abeyance order from this court to do so.

Based on the foregoing, the undersigned recommends that petitioner's motion for a stay-and-abeyance order (Doc. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE