# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERION DEMONTA VERNADO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KIMBERLY A. SEIBEL,<br><br>　　　　Respondent. | No. 2:17-CV-2413-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding with retained counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 16, 2017, Petitioner filed a motion to stay proceedings (ECF No. 3). On August 8, 2018, this Court issued findings and recommendations recommending the District Court Judge deny Petitioner's motion to stay proceedings (ECF No. 10). Petitioner timely filed objections to this Court's findings and recommendations on September 21, 2018 (ECF No. 14). On November 13, 2018, this Court ordered Respondents to file an answer to the petition within 60 days (ECF No. 22). Then, on November 15, 2018, Petitioner filed a renewed motion to stay proceedings (ECF No. 23). This Court subsequently vacated its August 8, 2018, findings and recommendations. Thus, pending before this Court are Petitioner's motions for a stay of proceedings (ECF Nos. 3 and 23). For the reasons discussed below, the undersigned recommends that Petitioner's motions for a stay be granted.

1

# I. PROCEDURAL BACKGROUND

Petitioner, along with his co-defendants, Antwaan Anderson, Victor Garret, and Vance Hicks were charged with six counts of second degree robbery (counts 1-4 and 7-8) and two counts of kidnapping. Petitioner and Anderson were alleged to have used firearms in the commission of those crimes. Petitioner and co-defendants Anderson, Garret, and Hicks, were also charges with one count of attempted robbery and assault with a firearm. Petitioner and Garret were alleged to have used and discharged firearms in the commission of these crimes.

Petitioner and Garret were tried together and on September 7, 2010, the jury found Garrett guilty of all charges. The jury found Petitioner not guilty as to the 4 robberies in counts 1-4, guilty of the two robberies in counts 7 and 8, guilty of the attempted robbery and assault with a firearm, and deadlocked on the charges of kidnapping. Petitioner was retried on the remaining charges and on September 23, 2011, a jury found Petitioner guilty of both counts of kidnapping.

Petitioner timely filed a notice of appeal on December 19, 2012, with the California Court of Appeal Third Appellate District. On June 30, 2014, the court of appeal affirmed Petitioner's conviction and on July 31, 2014, Petitioner filed a petition for review with the California Supreme Court. The People also filed a petition for review with the California Supreme Court on August 4, 2014, and the court granted the People's petition for review on September 24, 2014. The California Supreme Court subsequently transferred the case back to the Court of Appeal on August 17, 2016, with instructions to vacate and reconsider in light of People v. Franklin, 63 Cal.4th 261 (2016). On January 20, 2017, the Court of Appeal affirmed Petitioner's conviction and sentence but remanded the case to the trial court for the limited purpose of developing the record under California Penal Code section 3051 and 4801. Petitioner filed a petition for rehearing that was denied on January 27, 2017. Petitioner filed a timely petition for review and the California Supreme Court denied the petition on April 12, 2017. Petitioner filed his petition for a writ of habeas corpus with this Court on November 15, 2017, and his motion to stay the proceedings on November 16, 2017, and his renewed motion to stay on November 15, 2018.

## II. HABEAS PETITION AND MOTION TO STAY

The petition in this case raises four primary claims: (1) insufficient evidence related to the substantial movement element of the kidnapping charge; (2) jury instruction error related to the kidnapping charge; (3) evidentiary error related to the admission of alleged character evidence; and (4) evidentiary error related to the identification of Petitioner. Each claim listed above is fully exhausted. Petitioner has identified an additional fifth claim of ineffective assistance of appellate counsel. Petitioner asserts that appellate counsel was ineffective in failing to assert an argument related to California Proposition 57.[1] This claim is unexhausted. For that reason, Petitioner seeks to stay this action to exhaust the ineffective assistance of counsel claim and amend the present petition upon exhaustion pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

## III. GOVERNING LEGAL PRINCIPLES

Habeas petitioners are required to exhaust state remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violation without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion requires fair presentation of the substance of a federal claim to the state courts. Picard v. Connor, 404 U.S. 270, 276 (1971). In order to exhaust state remedies, a federal claim must be presented to the state's highest court, which is the California Supreme Court. Castille v. Peoples, 489 U.S. 346 (1989).

When a stay-and-abeyance motion is filed, the analysis depends on whether the petition is

---

[1] "In November 2016 the [California] electorate passed Proposition 57, the "Public Safety and Rehabilitation Act of 2016" (Proposition 57). Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court. Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct what we will call a "transfer hearing" to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult." People v. Superior Court (Laura), 4 Cal. 5th 299 (2018).

mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the analysis discussed in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661.

Under the Kelly procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending the exhaustion of additional claims. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. Once the additional claims have been exhausted, the petitioner may then amend his federal habeas petition, adding them to the original petition, as long as the claims are not time-barred. King, 564 F.3d at 1135, 1140-41. Unlike the procedure created by Rhines, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." Id. at 1135. However, a petitioner's use of the procedure outlined in Kelly is subject to the requirement of Mayle v. Felix, 545 U.S. 644 (2005), that any newly exhausted claims a petitioner seeks to add to a pending federal habeas petition must be timely or relate back to claims contained in the original petition that were exhausted at the time of filing. King, 564 F.3d at 1143.

### IV. ANALYSIS

Petitioner's pending habeas petition contains only exhausted claims and for that reason, Petitioner's motion to stay falls squarely within the Kelly framework. It is thus within the Courts discretion to grant a stay pending the exhaustion of Petitioner's ineffective assistance of counsel claim. Though good cause is not required under Kelly, courts often look at various factors including the merit of the claim and if the claim will be time bared. See Daniels v. Davey, No. 1:15-cv-01211-MJS, 2015 WL 559846, at *2 (E.D. Cal. Sept. 22, 2015) (holding a court must deny a Kelly stay if the claims are facially without merit); Hastings v. Gipson, No. 1:14-cv-

4

01271-LJO, 2015 WL 4095583, at *4 (E.D. Cal. Jul. 7, 2015) (denying a Kelly stay because petitioner will not be able to amend his unexhausted claims back because they are untimely). Additionally, it is well established that courts, in general, should not grant a stay where there is intent by the petitioner to delay or harass, but courts should grant a stay to avoid piecemeal litigation. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987–988 (9th Cir.1998).

      Here, there is no indication that Petitioner's ineffective assistance of counsel claim is meritless. In fact, the facts outlined in both Petitioner's motion for a stay and renewed motion for a stay indicate that the claim could have merit. Further, it also appears that Petitioner would be able to timely amend his habeas petition to include the ineffective assistance of counsel claim after exhaustion. This is especially true based on Petitioner's representation that the state court has recalled the remittitur and that the AEDPA statute of limitations has now tolled. See Reply to Opposition to Renewed Motion to Stay. There is also no evidence that Petitioner is attempting to delay the process or harass Respondents by seeking a stay. Rather, it appears that Petitioner's habeas counsel identified a genuine issue related to Petitioner's former appellate counsel and is diligently pursuing this issue in state court in order to exhaust the claim. It is also noteworthy that Respondent raised no argument challenging the merits of Petitioner's motions to stay.[2]

      Additionally, the Court finds the California Supreme Court's decision in People v. Superior Court (Laura), 4 Cal. 5th 299 (2018), regarding the retroactive application of Proposition 57, and Petitioner's representation that Laura applies to his case, to be a particularly compelling reason for granting Petitioner's stay. If the California state courts proceed with the process endorsed by Laura, Petitioner's case could be remanded to juvenile court where it could either

---

[2] Respondents filed no opposition to Petitioner's first motion to stay, but did file an opposition to Petitioner's renewed motion to stay. In Respondent's opposition to Petitioner's renewed motion to stay they present two arguments: (1) the law-of-the-case doctrine compels this Court to again recommend denial of Petitioner's motions to stay based on its prior findings and recommendations; and (2) Petitioner presents no new facts, circumstances, or law, that would support a Kelly stay. This Court finds both arguments unpersuasive. As the findings and recommendations filed by this Court on August 8, 2018, have neither been adopted nor rejected by the District Court Judge, this Court is free to vacate and modify its findings and recommendations as to the pending stay motions. This Court further believes that Petitioner has presented new facts, circumstances, and law that support a Kelly stay, as discussed above.

proceed back to state criminal court, in which case Petitioner could fully exhaust state court remedies and then amend this habeas petition, or the case could remain in juvenile court, which would make this habeas petition moot. Because the underlying state proceedings have the potential to fundamentally effect this habeas petition it would be imprudent to deny Petitioner's stay motion. Therefore, for the reasons discussed above, the instant federal habeas corpus petition should be stayed and held in abeyance pending exhaustion of the ineffective assistance of appellate counsel claim.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner's motions for a stay-and-abeyance order (ECF Nos. 3 and 23) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 18, 2018

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE